*566 OPINION.
Thussell :
The sole issue in this case is common to all of the years and relates to the amounts properly deductible by way of allowances for losses from uncollectible accounts. Only the' years 1924 and 1926, in which the respondent has determined deficiencies, are directly before us. A consideration of net income or net loss for 1925 enters through the net loss provisions of section 206 of the Revenue Act of 1926.
*567 For 1924 the petitioner reported under a method of accounting which employed a reserve for anticipated losses from bad debts. Although not adhered to by the petitioner in the two succeeding years, this method has been approved by the respondent and followed by him in determining the tax liabilities for the subsequent years. To this the petitioner agrees. The method is not at issue. We are required to determine what are reasonable additions to the reserve for each year, see the respective sections 234 (a) (5) of the Eevenue Acts of 1924 and 1926. The amounts of the outstanding accounts receivable at the end of each year are stipulated, and the parties are further in agreement that the additions to' the reserve may be conveniently and satisfactorily computed in this case at some rate per cent of the accounts receivable. Thus, the issue is narrowed to a question of the proper rates to be applied. The respondent proposes to allow a rate of 10 per cent for 1924 and a rate of 7 per cent for 1925 and 1926. The petitioner claims that a rate of 20 per cent would be reasonable for all of the years.
We are satisfied that this petitioner, engaged in a retail installment sales furniture business in a rural community, dependent upon agriculture and subject to its vicissitudes, was exposed to a relatively high rate of loss upon its accounts receivable, which are subject to long periods of deferment of payment.
We are appreciative of the experience qualifications of the president of the petitioner, who testified to his opinion that the use of a rate of 25 per cent would have been reasonable in computing the amounts of the additions to the reserves at the times when the books were closed, but we are unable to agree with him, after careful consideration of the evidence in its entirety. We are of opinion, however, that the rate of 10 per cent which the respondent allowed for the first taxable year is reasonable in this case for all of the taxable years, and the net incomes should be recomputed accordingly, giving effect to a net loss for 1925, if any results.
We are not unmindful of the fact that the amount of $6,684.40 worthless accounts charged off in 1926 is in excess of the reserve of 10 per cent which we have concluded to be reasonable. The amount charged off in the instant case was based upon a schedule of some 172 separate accounts, and there is no evidence of any extraordinary developments within the taxable year which would dictate the propriety of an increase over the average reserve. We think the worthless accounts charged off must be considered to reflect the realization of losses previously provided for and there will still remain a balance in the reserve.

Judgment will be entered pursuant to Bule SO.